UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN SCACCIA,

    Plaintiff,

vs.

LYFT, INC.

    Defendant.

Case No. 3:21-cv-29

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER DENYING PRO SE PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 15)**

---

This matter is before the Court on *pro se*[1] Plaintiff John Scaccia's ("Scaccia") motion for reconsideration. Doc. No. 15. Defendant Lyft, Inc. ("Lyft") responded (Doc. No. 18), and Scaccia replied (Doc. No. 19). Thus, this matter is ripe for review.

**I.**

Scaccia alleges in his motion for reconsideration that the Court erred in (1) dismissing his quasi-contract claims because he pleaded in the alternative; (2) considering Lyft's Terms of Service ("TOS") in dismissing his claims; and (3) more generally, dismissing his claims on their merits. *See* Doc. No. 15 at PageID 156–60.

---

[1] Scaccia, an attorney, once practiced law in Ohio. Due to his legal training and experience, he does not receive "the special consideration which the courts customarily grant to *pro se* parties." *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). *See also, e.g., Andrews v. Columbia Gas Transp. Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding no abuse of discretion when magistrate judge denied *pro se* party's order based on legal deficiency because party was a practicing attorney). Nonetheless, in the interest of justice, the Court has liberally construed Scaccia's arguments in his favor. *See, e.g., O'Connor v. United States*, 159 F.R.D. 22, 23–25 (D. Md. 1994) (liberally construing *pro se* attorney's pleadings).

Motions for reconsideration are both "disfavored" and only available if there is "(1) manifest error of law; (2) newly discoverable evidence which was not was not previously available to the parties; or (3) intervening change of controlling law." *Libertarian Party of Ohio v. Wilhelm*, 465 F. Supp. 3d 780, 785 (S.D. Ohio 2020) (quoting *Ohio Midland, Inc. v. Proctor*, No. C2-05-1097, 2006 WL 3793311, at *2 (S.D. Ohio Nov. 28, 2006)). In the interest of judicial economy, the Court will not revisit earlier arguments made with a "different spin" that it previously dismissed. *Id.*

## II.

From the outset, Scaccia's arguments are identical to the ones he raised in his opposition to Lyft's motion to dismiss. *Compare* Doc. No. 15 at PageID 158 (arguing, "[t]here is not a single reference to Lyft's TOS in the complaint") *with* Doc. No. 10 at PageID 117 (arguing, "the Complaint in the instant case makes no reference to a single formal written contract and there is nothing about a TOS"); *compare* Doc. No. 15 at PageID 160 (arguing that Lyft owed a fiduciary duty to Scaccia based on Lyft's "money" handling and alleged improper disbursement) *with* Doc. No. 10 at PageID 122 (arguing for a breach of fiduciary duty based on "Lyft's handling of the money" and allegation that "Lyft was withholding money"); *compare* Doc. No. 15 at PageID 157 *with* Doc. No. 10 at PageID 124. Scaccia does not get a second opportunity, so the Court rejects these repetitious arguments. *Libertarian Party of Ohio*, 465 F. Supp. 3d at 785 (citing *Aero-Motive Co. v. Great Am. Ins.*, 302 F. Supp. 2d 738, 740 (S.D. Ohio 2003)).

Scaccia also argues that the Court erred in interpreting *Greenberg*, so it should not have considered Lyft's TOS. Doc. No. 15 at PageID 159–60. First, Scaccia already made this claim, so the rationale for denying duplicative motions for reconsideration applies with equal force to Scaccia's mistaken interpretation of the Court's reliance on Sixth Circuit precedent. *See, e.g., Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572–73 (S.D. Ohio 1998) (denying

2

defendant's motion for reconsideration where it rested on defendant's mistaken interpretation of Sixth Circuit cases). But second, because Scaccia now argues -- as he did previously -- that Lyft made promises to him regarding (1) his anticipated revenues as a Lyft driver and (2) Lyft's purported obligations as to rider complaints, then that placed Lyft's TOS into dispute, as it did in *Greenberg*. *Compare* Doc. No. 1-1 at PageID 12–13 *with Greenberg v. Life Ins. Co. of Va.*, 117 F.3d 507, 514 (6th Cir. 1999) (allowing insurer's attachment of life insurance policy to motion to dismiss to be considered in insured's argument over bad faith and tortious behavior underlying contractual relationship between insurer and insured). *See also, e.g., Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 764 (E.D. Ky. 2019) (considering contract in insurance contract dispute when party alleged breach of contract). The Court concludes precisely as it did in the previous order. Doc. No. 14 at PageID 152.

Moreover, regarding precedent, Scaccia does not realize that the district court cases on which he relies are not binding on this Court.[2] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., *Moore's Federal Practice* § 134.02[1] [d] (3d ed. 2011)). His arguments are also unpersuasive because the Court is not bound by the determinations of other judges in this judicial district. *See, e.g., Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457–58 (7th Cir. 2005) (collecting cases). Thus, Scaccia's quasi-contract claims fail for the reasons already stated in the previous order. *See, e.g., Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 513 n.4 (6th Cir. 2019); *Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2017 WL 749196, at *4 (S.D. Ohio Feb. 27, 2017) (citing *Camreta*, 563 U.S. at 709). *See also Colley v. Procter & Gamble Co.*,

---

[2] Scaccia relies on, for example, *Miami Valley Mobile Health Serv., Inc. v. Examone Worldwide, Inc.*, 852 F. Supp. 2d. 925, 939–40 (S.D. Ohio 2012).

1:16-cv-918, 2016 WL 5791658, at *15 (S.D. Ohio Oct. 4, 2016) ("Although some courts permit alternative pleading, others in this district have dismissed unjust enrichment and quasi-contract claims 'even though Fed. R. Civ. P. 8(e)(2) permits alternative pleading, because the Federal Rules of Civil Procedure do not alter substantive rights among the parties' established by state law" (first quoting *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 521 (S.D. Ohio 1995); and then citing *Amarado Oil Co. v. Davis*, No. 5:12cv627, 2013 U.S. Dist. LEXIS 133571, at *31–35 (N.D. Ohio Sept. 17, 2013))).

Any argument about pleading in the alternative, therefore, fails for the reasons stated in this Court's previous order. *See XPX Armor & Equip., Inc. v. SkyLIFE Co.*, 158 N.E.3d 1024, 1047 (Ohio Ct. App. 2020) (quoting *Kahler v. Cincinnati, Inc.*, No. C-140407, 2015 WL 1256323, at *4 (Ohio Ct. App. 2015)). *See also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)); *Klusty*, 909 F. Supp. at 521; *B. & V. Distrib. Co. v. Dottore Companies, LLC*, No. 1:05 CV 2900, 2006 WL 1134225, at *5 (N.D. Ohio Apr. 26, 2006) (dismissing quasi-contract claim when the plaintiff's allegations noted "that it entered into an express contact with Defendants"). Likewise, for the reasons expressed in the original order and considering that Scaccia has failed to plead beyond speculation, his quasi-contract claims failed to state plausible claims. *See Watkins v. Healy,* 986 F.3d 648, 660 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Klusty*, 909 F. Supp. at 521 (citing *Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078 (S.D. Ohio 1992)); *City of Elyria v. York Int'l Corp.*, No. 1:03CV2079, 2005 U.S. Dist. LEXIS 10889, at *10 (N.D. Ohio June 7, 2005) (citing *Weiper v. W.A. Hill & Assocs.*, 661 N.E.2d 796 (Ohio Ct. App. 1995)) (dismissing unjust enrichment claim when plaintiff pleaded for recovery under express agreement).

## III.

Therefore, Scaccia's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

  November 18, 2021                                     s/Michael J. Newman
                                                                           Hon. Michael J. Newman
                                                                           United States District Judge